UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11787-RWZ

| | |
|---|---|
| MATTHEW HARLFINGER, <br> MARLEE HARLFINGER, and <br> ROBERT HARLFINGER, <br>     Plaintiffs, <br><br> v. <br><br> KEITH S. HALPERN, <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF THE DEFENDANT, KEITH S. HALPERN, TO THE PLAINTIFFS' COMPLAINT and JURY DEMAND

### FIRST DEFENSE

Each count of the plaintiffs' Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6).

### SECOND DEFENSE

The defendant, Keith S. Halpern, responds to the allegations contained in the plaintiffs' Complaint, paragraph by paragraph, as follows:

### I. THE PARTIES

1. The defendant, Keith S. Halpern, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the plaintiffs' Complaint and calls upon the plaintiffs to prove the same.

2. The defendant, Keith S. Halpern, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiffs' Complaint and calls upon the plaintiffs to prove the same.

1099044v1

3. The defendant, Keith S. Halpern, is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the plaintiffs' Complaint and calls upon the plaintiffs to prove the same.

4. The defendant, Keith S. Halpern, admits the allegations contained in paragraph 4 of the plaintiffs' Complaint.

## II. JURISDICTION

5. The allegations in paragraph 5 of the Plaintiffs' Complaint state a legal conclusion which speaks for itself. Therefore, no response is required. To the extent a response is required the Defendant denies the allegations contained in this paragraph.

## III. GENERAL ALLEGATIONS

6. The defendant admits that by document dated September 4, 1996, he entered into a contingent fee agreement with Marlee Harlfinger for herself and her son, Matthew Harlfinger. The defendant denies any allegations inconsistent with the terms of that document.

7. The defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

8. The defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

9. The defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

10. The defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

11. The defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

1099044v1

12. The defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

13. The defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

14. The defendant is without knowledge sufficient to either admit or deny the allegations contained in this paragraph and calls upon the plaintiffs to prove the same.

15. The defendant admits the allegations contained in this paragraph.

16. The defendant states that the Answer is a written instrument and no response is required.

17. The defendant is unable to respond concerning the allegations in paragraph 17 as they set forth legal conclusions. To the extent a response is required, the defendant denies the allegations contained in this paragraph. Responding further, the defendant denies he was negligent or that his actions contributed in any way to the award of summary judgment in favor of Dr. Martin and against the plaintiffs.

18. The defendant admits the allegations contained in this paragraph.

19. The defendant states that the decision is a written instrument and no response is required. Furthermore, the allegations contained in this paragraph set forth a legal conclusion to which the defendant is unable to respond. Responding further, the defendant denies he was negligent or that his actions contributed in any way to the award of summary judgment in favor or Dr. Martin and against the plaintiffs.

## IV. CAUSES OF ACTION
**(Professional Negligence/Legal Malpractice)**

20. The defendant repeats and re-alleges his responses to paragraphs 1-19 of the plaintiff's Complaint and incorporates them herein by referenced.

21. The defendant admits that he possessed and exercised that degree of skill and care possessed and exercised by the average qualified member of the legal profession. The defendant denies the remaining allegations set forth in this paragraph of the plaintiffs' Complaint.

22. The defendant denies the allegations contained in this paragraph.

23. The defendant denies the allegations contained in this paragraph.

WHEREFORE, the defendant, Keith S. Halpern states that the plaintiffs' Complaint against him should be dismissed and that judgment should enter for the defendant, together with his costs.

## COUNT II
### (Breach of Contract)

24. The defendant repeats and re-alleges his responses to paragraphs 1-19 (sic) of the plaintiff's Complaint and incorporates them herein by referenced.

25. The defendant denies the allegations contained in this paragraph.

26. The defendant denies the allegations contained in this paragraph.

WHEREFORE, the defendant, Keith S. Halpern states that the plaintiffs' Complaint against him should be dismissed and that judgment should enter for the defendant, together with his costs.

## THIRD DEFENSE

The negligence of plaintiffs was greater than the alleged negligence of the defendant and such negligence of plaintiff contributed to his alleged injury and, therefore, plaintiff is barred from recovery under M.G.L. c. 231, §85.

## FOURTH DEFENSE

Plaintiffs were guilty of contributory negligence and the damages, if any, recovered by plaintiff from the defendant should be reduced in proportion to the said negligence of plaintiff in accordance with M.G.L. c. 231, §85.

## FIFTH DEFENSE

Plaintiffs, by their own conduct and actions, is estopped to recover any judgment against the defendant.

## SIXTH DEFENSE

Plaintiffs, by their own conduct and action, has waived any and all rights she may have had against the defendant, and, therefore, plaintiff cannot recover in this action.

## SEVENTH DEFENSE

If plaintiffs suffered injuries or damages, as alleged, such injuries or damages were caused by someone for whose conduct the defendant was not and is not legally responsible.

## EIGHTH DEFENSE

By way of defense, the defendant states that he owed no duty to the plaintiffs.

## NINTH DEFENSE

Plaintiffs' injuries or damages were caused in whole or in part by the negligence of plaintiffs.

## TENTH DEFENSE

Even if the defendant committed the alleged acts or omissions, which the defendant denies, plaintiffs' injuries or damages were inevitable regardless of the alleged acts or omissions.

1099044v1

## ELEVENTH DEFENSE

The plaintiffs' action should be dismissed, as the defendant says that to the extent that he had any obligation to the plaintiff, such obligations have been fully, completely and properly performed in every respect.

## TWELFTH DEFENSE

The plaintiffs' action should be dismissed as all causes of action are barred by reason of the Statute of Limitations.

## THIRTEENTH DEFENSE

The plaintiffs' action should be dismissed as the plaintiffs' complaint is barred by Laches in that the defendant has been prejudiced by the excessive delay of the plaintiffs in seeking the relief requested.

## FOURTEENTH DEFENSE

The plaintiffs' action should be dismissed insofar as the plaintiffs' have participated in the transactions which gave rise to the relief sought by the plaintiffs.

## FIFTEENTH DEFENSE

The plaintiffs' action should be dismissed as no privity of contract exists between him and the plaintiffs, wherefore the plaintiffs are barred from recovery in this action.

1099044v1

## **JURY CLAIM**

The defendant demands a trial by jury as to all issues to which they are entitled as a matter of right.

Respectfully submitted,
The Defendant, KEITH S. HALPERN,
By his attorneys,

MORRISON MAHONEY, LLP


/s/Scott Douglas Burke
_____
Scott Douglas Burke, BBO # 551255
James A. Bello, BBO # 633550
250 Summer Street
Boston, MA 02210
(617) 439-7500

I hereby certify that a true copy of the
above document was swerved upon (each
party appearing pro se) and the attorney
of record for each (other) party by mail (by
hand) on this _____, day of
_____, 2004.

1099044v1